UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Hill Design, Inc.</u>

    v.                                      Civil No. 03-cv-074-SM

<u>Vivian Hodgdon, et al.</u>

**O R D E R**

Plaintiff moves to compel discovery from defaulted defendant The Garden Shed, LLC. Document no. 97. For reasons set forth below I deny the motion.

<u>Relevant Background</u>

Plaintiff sued Patricia Carpenter and The Garden Shed, LLC, among others. The latter is a limited liability company formed under New Hampshire law. Ms. Carpenter is the principal member of that corporation.[1] Ms. Carpenter was not permitted to appear <u>pro se</u> for The Garden Shed because corporations may only appear by counsel under federal law. Counsel did appear for the corporation but withdrew. When new counsel did not appear for the corporation it was defaulted and it remains in default.

In February of 2004 requests for production were served on

---

[1] It is unknown whether the corporation still exists or has been dissolved by the legislature.

Patricia Carpenter.  In December of 2004 interrogatories were served on her.  The opening paragraph of each make it clear that they were served upon defendant Carpenter.  There is no reference in either document to indicate that it was <u>served</u> upon the corporation.  The discovery documents each include the following in the definition section:

> Patricia Carpenter or "Defendant" or "you"
> means the defendant, Patricia Carpenter, and
> her business unit The Garden Shed, LLC.

Plaintiff's counsel relies upon this definitional section to claim that The Garden Shed, LLC is required to respond to these discovery requests.[2]

<u>Discussion</u>

It is clear from the language of Fed. R. Civ. P. 33 and 34 that these types of discovery require service and that they can be used only with parties.  At no time has plaintiff served The Garden Shed, LLC with either the interrogatories or the requests for production.  The reliance on the definitional section is resourceful but wholly without merit. Furthermore, "'the federal rules suggest several reasons in favor of treating a defaulting

---

[2] Patricia Carpenter did not answer either but was dismissed as a party by stipulation of the parties on August 14, 2005. Document no. 71.

2

defendant as a party,' but ultimately deciding to treat a defaulting defendant as a non-party for discovery purposes. . .'" Success Village Apartments, Inc. v. Amalgamated Local 376, 234 F.R.D. 36, 39 n.1 (D.Conn. 2006); see Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360, 361 (E.D.Wis. 2004).

Where, as here, the defaulted party should be treated as a non-party and, in any event was never served with the discovery requests, a Fed. R. Civ. P. 37 motion is unavailable.[3] The motion (document no. 97) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 26, 2006

cc: Garfield B. Goodrum, Jr., Esq.
    Patricia Carpenter

---

[3] Plaintiff may, of course, resort to a subpoena duces tecum under Fed. R. Civ. P. 45.

3