UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Hill Design, Inc.,
     Plaintiff

     v.                                    Civil No. 03-cv-74-SM

The Garden Shed, LLC,
     Defendant

**O R D E R**

Plaintiff, Hill Design, Inc., objects to the Report and Recommendation issued by the Magistrate Judge on September 8, 2006.  Pursuant to 28 U.S.C. §636(b)(1), the court reviews de novo those portions of the report and recommendation to which a party has filed a timely objection.  Importantly, however, a party may not advance legal or factual arguments not previously raised before the Magistrate Judge.  As the court of appeals for this circuit has stated:

> We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.
>
> The role played by magistrates within the federal judicial framework is an important one.  They exist to assume some of the burden imposed on the district courts by a burgeoning caseload.  The system is premised on the notion that magistrates will relieve courts of unnecessary work.  Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and

>    save its knockout punch for the second round.  In
>    addition, it would be fundamentally unfair to permit a
>    litigant to set its case in motion before the
>    magistrate, wait to see which way the wind was blowing,
>    and – having received an unfavorable recommendation –
>    shift gears before the district judge.  Such fast
>    shuffling of the orderly processes of federal
>    litigation should not be encouraged.

Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) (citations and internal punctuation omitted).

Here, plaintiff has attempted to supplement the record with documents attached to an affidavit from its counsel.  Plaintiff complains that, due to technical difficulties, it was able to print out some of those materials only recently.  It also says the Carpenters failed to respond to discovery requests in a timely manner.  Nevertheless, if plaintiff lacked the evidence necessary to support the allegations set forth in its complaint and prove its claim for damages against The Garden Shed, its remedy was to seek a continuance of the hearing before the Magistrate Judge.  It did not.

For the reasons set forth above, plaintiff cannot now seek to augment the factual record or advance legal arguments that were not previously presented to the Magistrate Judge.

Accordingly, the court has not considered those documents which were not properly before the Magistrate Judge when he issued his Report and Recommendation.

Having carefully considered the record before the Magistrate Judge and his Report and Recommendation (document no. 118), as well as plaintiff's objection thereto (document no. 119), the court hereby approves and adopts the Report and Recommendation.

Plaintiff's motion for default judgment (document no. 93) is denied, as is its motion for contempt (document no. 111).  Its unopposed motion for attorney's fees against Vivian Hodgdon (document no. 87) is, however, granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 25, 2006

cc:  Garfield B. Goodrum, Jr.
     Patricia Carpenter, <u>pro se</u>
     Vivian Hodgdon, <u>pro se</u>
     Paul L. Natkiel, <u>pro se</u>